LOTTINGER, Judge.
This is a suit in libel and slander filed by Anthony J. Mula against C. R. Brownell, Morgan City Review, Inc., its publisher and news editor, and Tri-City Broadcasting Corporation, the owner and operator of Radio Station KMRC, its manager and general manager. A companion suit was filed in slander by petitioner against the Morgan City Review, its publisher and news editor. The two suits were consolidated for purpose of trial below, and the Lower Court rendered judgments in each suit dismissing the demand of petitioner. The petitioner has appealed and both suits are consolidated for the purpose of this appeal.
The record discloses that the petitioner is the owner and operator of Tony’s Bar, as well as the chief organizer and operator of what is called a private club known as the Bachelors’ Club, both establishments being situated in Morgan City, Louisiana. The defendants are C. R. Brownell, the Mayor of the City of Morgan City, The Morgan City Review, Inc., which is the publisher of a newspaper of general circulation in Morgan City known as the Morgan City Review, and Tri-City Broadcasting Corporation is the owner and operator of Radio Station KMRC in Morgan City.
The facts disclose that the City Council of Morgan City refused to issue a liquor *722 license -to petitioner for the operation of Tony’s Bar for the years 1960 and 1961. The petitioner appealed to the courts and was successful in securing injunctions against the city government of Morgan City halting the enforcement of the refusal to grant petitioner licenses for 1961 and 1962.
On December 12, 1962, the City Council of Morgan City again declined to issue petitioner a liquor license this time for the year 1963. The petitioner again filed suit for an injunction against the city government. •
Following the filing of the injunction proceeding, the Mayor held a press conference at which the representatives of the press were told the reasons for the action of the City Council in its refusal to issue the license.
In a front page article dated January 3, 1962, under the heading “Bar Owner Files Two Injunctions”, the Morgan City Review published a news article from which the following excerpts are taken:
“Brownell described the bar as a ‘hangout for ex-convicts’ and other undesirables including persons allegedly connected with the sale of narcotics.”
Th'is said article also stated:
“Brownell said he also objected to the licensing of a certain type of private club where commercial gambling was permitted.”
“The Mayor explained that he was certainly not referring to legitimate lodges or fraternal organizations, but to clubs which were organized by professional gamblers. More specifically. Mula was identified at the meeting as the ‘operator of the Bachelors’ Club, a members-only establishment on Railroad Ave. near Mula’s bar where gambling was said to be permitted’. Brownell said there were others besides Mula who would like to come into the city to open private clubs, ‘but if you let them break the law with gambling, they will break it with prostitutes, and narcotics and everything else’.”
Following trial of the injunction proceeding, the Court again held in favor of petitioner and rendered judgment enjoining the city officials from their refusal to grant petitioner a liquor license for 1963.
On January 17, 1962, in a news article following the decision of the Court, Mayor Brownell was quoted as saying, “We will appeal * * * we will fight this thing * * * this is not the end, just one little battle.”
The news article further went on to describe other entanglements which the petitioner had had with the law, one being that in 1954 he was sentenced to four years in the penitentiary after pleading guilty to a charge of simple burglary in connection with a robbery of Cannata’s Super Market in Morgan City, however, he served but a short period of time before securing a pardon.
Petitioner claims that these various remarks and news articles caused damage to his reputation as well as loss of profits from Tony’s Bar and the Bachelor Club. He additionally claims damages for mental anguish, embarrassment, loss of sleep, worry, etc.
With regard to the suit, insofar as it claims libel, against the owners of Radio Station KMRC, concerns an editorial carried on said station on January 9, 10, and 11 of 1962, which was subsequent to the meeting December 12, 1961, of the City Council in which the license was denied, and'prior to the Court hearing which was held on January 16, 1962. This editorial did not mention the name of petitioner nor the name of his bar, and was in support of the action taken by Mayor Brownell and the City Council. An excerpt from this editorial follows:
“However *' * * our present city administration is dedicated to maintaining a clean, wholesome atmosphere in this City so that we cannot only enjoy *723 growth, but bring up our children in a decent atmosphere for normal, healthy development. Naturally they must make every possible effort to keep vice and corruption outside the city limits and they generally must take action wherever and whenever they feel action be necessary. We agree that any establishment serving as a ‘hang-out for undesirable persons’ should not be allowed to flourish.”
Following the Court hearing on January 16, 1962, Radio Station KMRC ran a news article on the successful appeal by petitioner to the courts. In this news report, Mayor Brownell was quoted as saying:
“Don’t think for one minute that this is the end of this thing. I am going to hit and hit harder and this won’t be the final word as long as I am in this office.”
Following the filing of this suit, a lead first-page article regarding same in the Morgan City Review of January 6, 1963, was headlined, “Mula Sues Mayor, Review, Station KMRC for $80,000.00”. A picture of petitioner taken by the police department of Morgan City was placed along with this article on the front page, and across this “mug shot” appeared the words, “Police Department, Morgan City, Louisiana,” followed by a number. The article contained the following statement:
“The Morgan City Police Department began keeping modern type records in March of 1954, and, since that time to date, Mula has reportedly been arrested nine times on charges ranging from speeding to multiple charges of burglary.”
Statements, reports, and news articles are the basis for the present suits. Following the trial below, the Court rendered judgments in favor of defendants and against petitioner dismissing the petitioner’s suits. The Lower Court did not assign written reasons for its decision and, upon being requested by petitioner to give written findings of facts and reasons for judgment, the Lower Court adopted those facts and the law as set out in the defendants’ briefs. The petitioner has taken a devolutive appeal.
Each of the defendants herein have filed answer to the suit by petitioner in which they defend their remarks or utterances on ground that they were true, and, in the alternative, that the defendants enjoyed a qualified privilege. Defendant Tri-City Broadcasting Corporation, its manager and general manager, further claimed that their editorial and news articles were merely fair comment as a defense as to the suit filed against them. All defendants further alleged that no damages were sustained by petitioner as a result of the various remarks, writings and news broadcasts.
Title 13, Section 3602, of the Louisiana revised statutes provides as follows:
“Whenever any civil suit for slander, defamation, or fór a libel, shall be instituted in any court of this state, it' shall be lawful for the defendant to plead in justification the truth of the slanderous; defamatory or libelous words or matter,for the uttering or publishing of which he may be sued; and- in the trial of the issue in such suit, to maintain and prove-his plea by all legal evidence.”
The testimony and evidence introduced into the record by the defendant shows the character of some of the patrons of the petitioner’s saloon. This, together with testimony of various police officers of Morgan City as to various disturbances which have occurred at Tony’s Bar disclosed that the establishment certainly was not one which would be considered a great asset to a community such as Morgan City. The individuals who were shown to have been patrons of the saloon were shown to have been convicted of such felonies as burglary, theft, illegal possession of narcotics, unlawfully possessing, transporting and selling narcotics and other such crimes. The record discloses that petitioner, Anthony Mula, himself had been arrested nine times and had served in the state penitentiary.
*724 The testimony discloses that on certain occasions conferences had been called by various members of the petitioner’s family with police officials at which they attempted to work out some arrangement so that the character of petitioner might be improved.
The members of this family who were respectable citizens in the city were very much concerned about their brother and his unfavorable reputation.
With regard to the Bachelor Club, the testimony of petitioner himself shows that he was the chief organizer of this establishment and that he operated same during its short life of some six months. This establishment was situated on the second floor of a building in Morgan City, and was used exclusively by men. He testified that drinks were served in this club and that various gambling games were played there for the amusement of the members. There were also beds for the use of those who came in and might want to sleep or rest or spend the night. The petitioner himself testified that shortly before the trial of this matter he had on several occasions visited an individual whom he called an “acquaintance” who was incarcerated in the state penitentiary on a charge of possession of narcotics. Petitioner was assisting in an attempt to have this man paroled. He testified that in order to secure the parole for this individual, petitioner himself offered to have this man come and live with him at his house.
We believe that the defense of truth has been successfully established by the defendants. We find no error on a part of the Lower Court. It is not necessary therefore that we consider the defense a privilege as set up by the defendants to this suit.
For the reasons hereinabove assigned, the judgment of the Lower Court will be affirmed, all costs of this appeal shall be paid by petitioner.
Judgment affirmed.